## STATE OF OREGON,
*Respondent,*

*v.*

## RODNEY JOEL RAINEY,
*Appellant.*

(No. C80-10-33816, CA A20105)

653 P2d 584

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief

were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

WARREN, J.

Van Hoomissen, J., dissenting.

## WARREN, J.

Defendant appeals his conviction for unlawful delivery of a controlled substance. ORS 475.992.[1] He contends that the trial court erred in instructing the jury that proof of the unlawful delivery of a controlled substance is *prima facie* evidence of knowledge of the character of the substance delivered. The issue is whether the challenged instruction impermissibly relieved the state of its burden of proof on the question of defendant's knowledge of the nature of the substance he admittedly delivered.

Defendant assisted another man in taking boxes of marijuana from a truck and placing them in the vehicle of an undercover police officer. At trial, defendant contended that he did not know the contents of the boxes.

The trial court instructed the jury:

"* * * [T]he burden of proof is entirely upon the State of Oregon. It is not incumbent upon the defendant to prove or disprove any of the charges against him.

"* * * * *

"The elements of the crime are * * * [that] the defendant, Rodney Joel Rainey, or his accomplice or accomplices did unlawfully and knowingly deliver a controlled substance in Schedule 1, to-wit: Marijuana for a consideration. This conduct must be knowing.

"Knowing, when used with respect to conduct or to a circumstance described by a statute defining offense, means that a person acts with an awareness that his conduct is of a nature so described or that a circumstance so described exists.

"There must have been delivery. Deliver or delivery means the actual or attempted transfer from one person to another of a controlled substance. Proof of unlawful delivery of a controlled substance is prima facie evidence of knowledge of its character.

---

[1] ORS 475.992 provides, in part:

"(1) Except as authorized by ORS 475.005 to 475.285 and 475.991 to 475.995, it is unlawful for any person to manufacture or deliver a controlled substance. Any person who violates this subsection with respect to:

"(a) A controlled substance in Schedule I, is guilty of a Class A felony.

"* * * * *."

"The term prima facie evidence means evidence good and sufficient on its face, such evidence as in the judgment of the law is sufficient to establish a given fact and which if not rebutted or contradicted will remain sufficient."

Defendant relies on *State v. Offord,* 14 Or App 195, 512 P2d 1375 (1973). In *Offord,* as here, the only disputed issue was knowledge. We held that an instruction that "prima facie evidence is a fact or facts presumed to be true unless disproved by some evidence to the contrary" was error. 14 Or App at 202. We so held there, because the instruction required the jury to take a presumed fact as true unless rebutted. That is, under the instruction, the jury would be *required* to find the defendant guilty of knowingly possessing a controlled substance unless he produced evidence to the contrary, thus undermining defendant's right to produce no evidence and yet be presumed innocent throughout the trial. 14 Or App at 200. In *Offord* we approved language from *State v. Palmer,* 2 Wash App 863, 471 P2d 118 (1970), to the effect that the presumed fact and the presumption of innocence must both be considered by the jury and that the jury *may* reject the presumed fact in favor of the presumption of innocence.[2]

In *State v. Offord, supra,* however, we also said:

"* * * [I]f the [instruction] merely states a rule that the jury may infer guilty knowledge from the fact of possession, the [instruction] is valid *because there is a rational connection between possessing something and having knowledge of the nature of the thing possessed.* [Citations omitted.]" 14 Or App at 201. (Emphasis added.)

The underscored statement supports the state's position in this case but is incorrect in its broad sense; it is correct only when related to the circumstances of the possession or, in this case, the delivery of the controlled substance.

■　　　For an instruction regarding an inference to be consistent with due process, there must be a rational connection between the fact permitted to be inferred and the fact proved. *Leary v. United States,* 395 US 6, 89 S Ct 1532,

---

[2] When a jury may accept or reject a fact "presumed" from facts proved without the necessity of contrary evidence as to the "presumed fact," it is more correct to refer to the fact permitted but not required to be found as an "inference."

23 L Ed 2d 57 (1969). As we explained in *State v. Neel,* 8 Or App 142, 149, 493 P2d 740 (1972):

"We are aware that seldom can direct evidence be produced that the accused had actual knowledge of a given fact. However, knowledge may be inferred from circumstances, and a jury can be so instructed."

Thus, in *State v. Asher,* 24 Or App 491, 546 P2d 762 (1976), the defendant denied he knew the drug in his possession and for which he was charged with criminal activity in drugs was PCP, a dangerous drug. The state was permitted to prove the defendant's admitted simultaneous possession of marijuana concealed on his person as circumstantial evidence tending to support an inference that he had knowledge that the PCP was an illegal drug. From the proven facts in *Asher,* it was rational to infer that the defendant was aware of the identity of the PCP. Unless, however, his possession of the drug was considered with reference to the surrounding circumstances, no such rational connection could be made. For example, the instruction given in this case would permit the conviction of a postman for delivery of a controlled substance under circumstances showing only that he or she in the ordinary course of business delivered a package to a residence.

In *State v. Stilling,* 285 Or 295, 299, 590 P2d 1223 (1979), the Supreme Court said:

"* * * An inference instruction advises the jury as to how it may make its decision on intent, *and in particular may serve to inform the jury that such an inference is to be based on the surrounding circumstances rather than just any unlawful act which is part of the offense.*"

The court continued, quoting from *Colson v. Cupp,* 449 F2d 730 (9th Cir 1971):

" "* * * When the [un]lawfulness of an act depends upon the guilty intent with which the act was done, it is patently wrong to tell a jury that it can infer the requisite intent simply from proof that a defendant did the act. * * *' " 285 Or at 299.

Here, *knowing delivery of a controlled substance* is an essential element of the crime. The court's instruction that permitted that element to be proven from evidence of delivery alone, which defendant admitted, without

reference to the circumstances under which the parcel was possessed or delivered, was error. There is no rational connection between the bare fact of delivery and knowledge of the contents of the parcel delivered. The instruction permitted the state to satisfy its burden of proof on a critical element of the crime by proof of a fact, admitted by defendant, having no rational connection to the fact inferred.[3]

Reversed and remanded for a new trial.

**VAN HOOMISSEN, J.,** dissenting.

I dissent from the majority opinion because I conclude that (1) defendant's contention on appeal was not raised below; (2) giving the challenged instruction was not error; (3) the instructions taken as a whole were not erroneous; and (4) the error, if any, was harmless.

At trial defendant objected to the challenged instruction as follows:

" * * * I would except to the instruction about delivery as a prima facie evidence and knowledge. This is not a subject for instruction which is limited to matters of law, and it is incorrect since the delivery does not prima facie show knowledge in that knowledge must be shown."

Defendant's sole contention on appeal is that an instruction which tells the jury that proof of one fact is *prima facie* evidence of another fact unconstitutionally shifts the burden of proof to the defendant in a criminal case. That contention was not raised below, and it may not be raised for the first time on appeal. *State v. Davis,* 56 Or App 535, 538, 642 P2d 350 (1982); *State v. LeBrun,* 37 Or App 411, 418, 587 P2d 1044 (1978); *State v. Easton,* 35 Or App 603, 607, 582 P2d 37, *rev den* 284 Or 521 (1978).

The trial court instructed the jury, in relevant part:

---

[3] When the contraband nature of the substance can be determined from its appearance, the manner in which it is possessed or packaged, the jury may infer knowledge. Under such circumstances, the underscored language in *State v. Offord,* 14 Or App 195, 512 P2d 1375 (1973), is correct. When, however, no circumstance exists other than mere delivery or possession, it is illogical to infer knowledge. Accordingly, although the underscored statement quoted from *Offord* is not strictly incorrect, a jury instruction concerning an inference of knowledge derived from possession or delivery should refer, at least generally, to the circumstance surrounding the act of delivery or possession.

"\* \* \* Proof of unlawful delivery of a controlled substance is prima facie evidence of knowledge of its character.[1]

"The term prima facie evidence means evidence good and sufficient on its face, such evidence as in the judgment of the law is sufficient to establish a given fact and which if not rebutted or contradicted will remain sufficient."

Defendant contends that this instruction unconstitutionally shifts the burden of proof. His argument is based on precedent that has held certain presumptions unconstitutional on the ground that they shift the burden of proof. The state contends that the challenged instruction merely informed the jury of a permissible inference that the jury could, but was not required, to make from other evidence in the case, *i.e.*, that it could infer guilty knowledge from the fact of unlawful delivery. The state argues that there is a rational connection between possessing something and having knowledge of the nature of the thing possessed.

*Prima facie* evidence is different from either a conclusive or a disputable presumption. It does not require the jury to find one fact from the establishment of another; nor does it require the jury to find a specific fact unless the evidence thereof is overcome, thereby arguably putting some burden on defendant. *Prima facie* evidence is merely evidence that is sufficient to enable the jury to find a fact established, without requiring it to do so. It is evidence that gives rise to a permissible inference rather than to a directory presumption. *See State v. Kohlasch*, 11 Or App 459, 464 n 5, 502 P2d 1158 (1972).

The distinction between *prima facie* evidence and an arguably unconstitutional presumption is explained in *Ulster County Court v. Allen*, 442 US 140, 156-57, 99 S Ct 2213, 60 L Ed 2d 777 (1979):

---

[1] ORS 167.238(1) provides:

"Proof of unlawful manufacture, cultivation, transportation or possession of a controlled substance is prima facie evidence of knowledge of its character."

The legislature has the power to provide by statute that proof of one fact constitutes *prima facie* evidence of another fact. *State v. Randolph*, 85 Or 172, 166 P 555 (1917); 1 Wharton's Criminal Evidence, 13th Ed, § 93-94 (1972).

"Inferences and presumptions are a staple of our adversary system of factfinding. It is often necessary for the trier of fact to determine the existence of an element of the crime — that is, an 'ultimate' or 'elemental' fact — from the existence of one or more 'evidentiary' or 'basic' facts * * *. The value of these evidentiary devices, and their validity under the Due Process Clause, vary from case to case, however, depending on the strength of the connection between the particular basic and elemental facts involved and on the degree to which the device curtails the factfinder's freedom to assess the evidence independently. Nonetheless, in criminal cases, the ultimate test of any device's constitutional validity in a given case remains constant: the device must not undermine the factfinder's responsibility at trial, based on evidence adduced by the State, to find the ultimate facts beyond a reasonable doubt * * *.

"The most common evidentiary device is the entirely permissive inference or presumption, which allows — but does not require — the trier of fact to infer the elemental fact from proof by the prosecutor of the basic one and that places no burden of any kind on the defendant * * *. In that situation the basic fact may constitute prima facie evidence of the elemental fact. * * * When reviewing this type of device, the Court has required the party challenging it to demonstrate its invalidity as applied to him. * * * Because this permissive presumption leaves the trier of fact free to credit or reject the inference and does not shift the burden of proof, it affects the application of the 'beyond a reasonable doubt' standard only if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference. For only in that situation is there any risk that an explanation of the permissible inference to a jury, or its use by a jury, has caused the presumptively rational factfinder to make an erroneous factual determination." (Citations omitted.)

The instruction complained of here is clearly of the kind discussed above. The trial court's instruction says only that *prima facie* evidence is evidence sufficient on its face to establish a given fact. Contrary to defendant's contention, the portion of the court's instruction stating that *prima facie* evidence "will remain sufficient" to establish a fact, "if not rebutted or contradicted," does not direct the jury to find a fact established unless it was rebutted or contradicted.

In *State v. Offord,* 14 Or App 195, 512 P2d 1375 (1973), where, as here, the only disputed issue was guilty knowledge, we held that it was error for the trial court to instruct the jury that *prima facie* evidence is a fact or facts presumed to be true *unless disproved by some evidence to the contrary.* In *Offord,* however, we also said that if ORS 167.238

"* * * merely states a rule that the jury may infer guilty knowledge from the fact of possession, the statute is valid because there is a rational connection between possessing something and having knowledge of the nature of the thing possessed." 14 Or App at 201. (Citations omitted.)

*Offord* held that ORS 167.238 is constitutional but that the instruction given in *Offord* was bad, because it told the jury that it must find against the defendant on a material element of the crime unless his evidence disproved the state's case.

Here, the challenged instruction did not tell the jury that it must do anything or that defendant had any burden of proof whatever. Rather, it informed the jury that certain evidence would warrant an inference that a certain fact existed. In the light of human experience, the inference makes sense. There is a rational connection between possessing something and having knowledge of the nature of the thing possessed. *State v. Offord, supra,* 14 Or App at 201.

Defendant's contention that the inference is invalid because it shifts the burden of proof lacks merit. The ultimate burden of proof beyond a reasonable doubt with respect to all the elements of the crime charged always remains on the state. The inference does not shift the burden to defendant to prove lack of knowledge. The state must prove knowledge; however, it is not required to prove knowledge by direct evidence. It may seek to prove knowledge by indirect or circumstantial evidence, just as it may ordinarily prove any element of a crime by indirect or circumstantial evidence.

In a criminal case, the ultimate test of any instruction's constitutional validity remains constant: the instruction must not undermine the factfinder's responsibility at trial, on the basis of evidence adduced by the state, to find

the ultimate facts beyond a reasonable doubt. *Ulster County Court v. Allen,* 442 US 140, 156, 99 S Ct 2213, 60 L Ed 2d 777 (1969); *see also Sandstrom v. Montana,* 442 US 510, 99 S Ct 2450, 61 L Ed 2d 39 (1979). I conclude that the challenged instruction was not error.

The instructions taken as a whole, *State v. Flack,* 58 Or App 330, 336, 648 P2d 857 (1982), clearly informed the jury that it had the sole responsibility to decide the case, that defendant was presumed innocent, that the entire burden of proof was on the state to prove the ultimate facts beyond a reasonable doubt and that it was not incumbent on defendant to prove or disprove anything.[2] I conclude that the instructions taken as a whole were not erroneous.

---

[2] The trial court instructed the jury in relevant part:

"* * * I'm sure you know the fact that I'm instructing you in regard to any of these areas is not intended by me to be a suggestion of how I think you should decide this case or any part of this case. You people are the sole and exclusive judges of the facts. Your findings as to the facts are binding and final.

"* * * * *

"In connection with this instruction you must bear in mind that the burden of proof is entirely upon the State of Oregon. It is not incumbent upon the defendant to prove or disprove any of the charges against him.

"* * * * *

"To the charge which I've just read to you the defendant has entred a plea of not guilty. The plea of not guilty is a denial of every material allegation contained in the charges that I called to your attention. ·

"* * * * *

"You will recall at the outset I told you that the law presumes that the defendant is innocent of these charges, and that presumption follows the defendant until his guilt, if ever, is proved beyond a reasonable doubt. A reasonable doubt means an honest uncertainty as to the guilt of the defendant.

"A reasonable doubt exists when after careful and impartial consideration of all the evidence in the case, you do not feel convinced to a moral certainty that the defendant is in fact guilty. Proof beyond a reasonable doubt is the type of proof that you would be willing to act upon when you made the most important decisions in your own lives.

"Count I in this case involves the delivery of a controlled substance. It's unlawful for any person to deliver a controlled substance. To prove this charge the State must prove each of the material elements of the crime beyond a reasonable doubt.

·

Assuming arguendo that giving the challenged instruction was error that was not cured by the instructions as a whole, I conclude that there is substantial and convincing evidence in the record of defendant's knowledge of the character of the 130 pounds of marijuana contained in five boxes (which he admittedly helped deliver and which his long-time friends Bickle and Poston admitted trying to sell to an undercover police officer for $54,000). I conclude that any error was harmless. *Chapman v. California*, 386 US 18, 87 S Ct 824, 17 L Ed 2d 705 (1967); *State v. Davis, supra*, 56 Or App at 538 n 2.

I would affirm defendant's conviction.

Thornton, J., joins in this dissenting opinion.

---

"The elements of the crime are, first of all, that the conduct must have occurred in Multnomah County, Oregon, and it must have occurred on or about October 25th, 1980, at which time the defendant, Rodney Joel Rainey, or his accomplice or accomplices did unlawfully and knowingly deliver a controlled substance in Schedule 1, to-wit: Marijuana for a consideration. This conduct must be knowing.

"Knowing when used with respect to conduct or to a circumstance described by a statute defining an offense, means that a person acts with an awareness that his conduct is of a nature so described or that a circumstance so described exists.