Argued and submitted April 7, 1983, affirmed and remanded for a new trial
January 8, 1985

## STATE OF OREGON,
*Petitioner on Review,*

*v.*

## RODNEY JOEL RAINEY,
*Respondent on Review.*

(C80-10-33816; CA A20105; SC 29154)

693 P2d 635

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the brief was Dave Frohnmayer, Attorney General and William F. Gary, Solicitor General, Salem.

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for respondent on review. With him on the brief was Gary D. Babcock, Public Defender, Salem.

CARSON, J.

## CARSON, J.

The state petitioned for review from a judgment of the Court of Appeals which reversed a criminal conviction. The issue is the propriety of the trial court's jury instructions explaining *prima facie* evidence and stating that proof of unlawful delivery of a controlled substance is *prima facie* evidence of knowledge of its character.

### FACTS

Defendant was convicted of knowingly delivering a controlled substance in violation of ORS 475.992.[1] Defendant admitted the delivery, but argued that he did not know the delivered boxes contained marijuana. The trial judge instructed the jury, in relevant part, as follows:

"* * * I'm sure you know the fact that I'm instructing you in regard to any of these areas is not intended by me to be a suggestion of how I think you should decide this case or any part of this case. You people are the sole and exclusive judges of the facts. Your findings as to the facts are binding and final.

"However, you are not to exercise this power arbitrarily, and when I instruct you as to a rule of law, it's your duty, so you will arrive at a just and lawful decision, to apply the Court's instructions. Your verdict, as I say, should be based only upon these instructions and the evidence in the case.

"* * * * *

"Count I in this case involves the delivery of a controlled substance. It's unlawful for any person to deliver a controlled substance. To prove this charge the State must prove each of the material elements of the crime beyond a reasonable doubt.

"The elements of the crime are * * * that * * * the defendant, Rodney Joel Rainey, or his accomplice or accomplices

---

[1] ORS 475.992(2)(a) provides:

"Any person who delivers marijuana for consideration is guilty of a Class B felony."

Under ORS 475.005(8):

" 'Deliver' or 'delivery' means the actual, constructive or attempted transfer, other than by administering or dispensing, from one person to another of a controlled substance, whether or not there is an agency relationship."

To convict a criminal defendant of a violation of ORS 475.992(2)(a) a culpable mental state (*i.e.,* knowledge) must be proved with respect to each element of the offense. ORS 161.095(2).

did unlawfully and knowingly deliver a controlled substance in Schedule 1, to-wit: Marijuana for a consideration. This conduct must be knowing.

"Knowing, when used with respect to conduct or to a circumstance described by a statute defining an offense, means that a person acts with an awareness that his conduct is of a nature so described or that a circumstance so described exists.

"There must have been delivery. Deliver or delivery means the actual or attempted transfer from one person to another of a controlled substance. Proof of unlawful delivery of a controlled substance is prima facie evidence of knowledge of its character.

"The term prima facie evidence means evidence good and sufficient on its face, such evidence as in the judgment of the law is sufficient to establish a given fact and which if not rebutted or contradicted will remain sufficient."

The Court of Appeals reversed defendant's conviction and remanded for a new trial. The majority held that there was no rational connection in the instant case between the fact of delivery and the fact of knowledge of what was delivered. Therefore, the Court of Appeals concluded that the instruction was error. *State v. Rainey,* 60 Or App 302, 653 P2d 584 (1982) (in banc).

## PRESUMPTIONS AND INFERENCES

In order to understand the narrow area of the law in which resides the central issue in this case, tracking the transformation of some of the pivotal terms may prove helpful. The transformation is from *prima facie evidence* to *presumption* to *inference* when these evidentiary devices are applied to the accused in the context of a criminal case. Although the new Oregon Evidence Code (OEC) was not in effect when this case was tried, we shall refer to OEC where appropriate.[2]

---

[2] For clarity, we have used the words "presumption" and "inference" without the usually accompanying adjectives "rebuttable" or "disputable" and "permissive." The former statutory categorization of "conclusive presumptions," ORS 41.350, has been repealed with the enactment of the Oregon Evidence Code. Or Laws 1981, ch 892, § 98. No conclusive presumptions, as such, were carried over to OEC because conclusive presumptions are, in effect, rules of substantive law and not rules of evidence. *See* Kirkpatrick, Oregon Evidence 69 (1982) (Legislative Commentary to OEC 311); Kirkpatrick, *supra,* at 72. Hence the only presumption remaining is one that is

A number of Oregon statutes provide that proof of one fact constitutes *prima facie* evidence of another fact. One such statute, ORS 167.238(1), provides:

> "Proof of unlawful manufacture, cultivation, transportation or possession of a controlled substance is prima facie evidence of knowledge of its character."

Although the record is not clear on this point, it is probable that this statute served as a basis for the trial judge's instruction in the instant case.[3]

■    As noted in *Lampos v. Bazar, Inc.,* 270 Or 256, 279, 527 P2d 376 (1974), citing McCormick, Evidence 803, § 342 (2d ed 1972),[4] the words *"prima facie"* are often used in two senses: "It [prima facie case] may mean evidence that is simply sufficient to get to the jury, or it may mean evidence that is sufficient to shift the burden of producing evidence." McCormick, *supra,* at 803 n 26.

In Oregon, the words *"prima facie"* have been used in both senses. *See, e.g., Millar v. Semler,* 137 Or 610, 613, 2 P2d 233, 3 P2d 987 (1931). In the second sense, many years ago this court defined *prima facie* evidence to be "that degree of proof which, unexplained or uncontradicted, is alone sufficient to establish the truth of a legal principle asserted by a party." *State v. Kline,* 50 Or 426, 432, 93 P 237 (1907). Although the transition from *prima facie* evidence to presumption is not always clear, the second sense more recently is referred to as a "presumption." *See U.S. National Bank v. Lloyd's,* 239 Or 298, 324-25, 382 P2d 851, 396 P2d 765 (1964). This transition is now made explicit and "prima facie evidence * * * establishes a presumption." OEC 311(2).[5]

---

disputable or rebuttable within the terms specified in OEC 308. Using the word "permissive" with the word "inference" is redundant. There are no mandatory inferences. Louisell, *Construing Rule 301: Instructing the Jury on Presumptions in Civil Actions and Proceedings,* 63 Va L Rev 281, 290-91 (1977).

[3] ORS 167.238(1) does not expressly include delivery as a fact which is *prima facie* evidence of knowledge of a controlled substance. This distinction has not been raised by the parties. We assume, for the purposes of this review only, that the judge's instructions were in accordance with the statute on this point.

[4] The same language is contained in McCormick, Evidence 965 n 4, § 342 (3rd ed 1984).

[5] OEC 311(2) provides:

> "A statute providing that a fact or a group of facts is prima facie evidence of another fact establishes a presumption within the meaning of this section."

■■ In criminal cases, however, discussion of the transition is not yet complete. Whatever validity a presumption has to avoid a motion for judgment of acquittal (see discussion below), the word "presumption" cannot be used in a jury instruction on the element of intent when the presumption was contrary to the burden of proof.[6] *State v. Stilling,* 285 Or 293, 297, 590 P2d 1223, *cert den* 444 US 880 (1979). On the other hand, an inference remains available. *State v. Stilling, supra,* 285 Or at 298. To deal with presumptions in criminal cases, the legislature enacted OEC 309:

"(1) The judge is not authorized to direct the jury to find a presumed fact against the accused.

"(2) When the presumed fact establishes guilt or is an element of the offense or negates a defense, the judge may submit the question of guilt or the existence of the presumed fact to the jury only if:

"(a) A reasonable juror on the evidence as a whole could find that the facts giving rise to the presumed fact have been established beyond a reasonable doubt; and

"(b) The presumed fact follows more likely than not from the facts giving rise to the presumed fact."

OEC 309 has been said to have the effect of reducing presumptions in criminal cases "to nothing more than permissible inferences when they are used against the accused." Kirkpatrick, Oregon Evidence 62 (1982) (Legislative Commentary to OEC 309).[7]

■ It thus becomes apparent that it is not the label given to the evidentiary device, but the effect upon the burden of

---

[6] Because this opinion spans the transitional period of pre-Oregon Evidence Code and post-Oregon Evidence Code, for clarity we continue to use the now outdated term "burden of proof." In the context of this opinion, our reference to "burden of proof" is consonant with the newer term "burden of persuasion." OEC 305. It is noted that the burden of producing evidence to rebut an element of the prosecution's case cannot shift to the defendant. OEC 307; Kirkpatrick, *supra,* n 2 at 58.

[7] As noted in Kirkpatrick, *supra,* n 2 at 64:

"It would have been clearer if the legislature had used *inference* instead of *presumption* and *inferred fact* instead of *presumed fact* throughout Rule 309. The fact that possibly misleading terminology was used should not be allowed to obscure the effect of the rule, which, as the Commentary acknowledges, is 'to reduce presumptions in criminal cases to nothing more than permissible inferences when they are used against the accused.' "

proof that is significant. The evidentiary device is not permitted to relieve the state of the burden of proving all elements of the crime. *State v. Harris,* 288 Or 703, 721, 609 P2d 798 (1980).

We shall now turn to the issue of the quantum of proof required to use these evidentiary devices.

## PROOF BEYOND A REASONABLE DOUBT

In light of the issues raised by the parties in this case, it is not necessary to base a decision on the federal due process rights of defendant. It is also unnecessary to discuss the rights of defendant under the Oregon Constitution. That is so because the right not to be convicted of a crime except upon proof of guilt beyond a reasonable doubt is statutorily protected in Oregon. ORS 136.415 provides:

> "A defendant in a criminal action is presumed to be innocent until the contrary is proved. In case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to be acquitted."[8]

■ ■ The reasonable doubt standard requires that the prosecution prove each element of the crime beyond a reasonable doubt. In order to do so, the prosecution may not rely on a rebuttable presumption, because a presumption places the burden of persuasion on the criminal defendant in a manner inconsistent with the presumption of innocence and proof of guilt beyond a reasonable doubt. *See State v. Stilling, supra; see also Sandstrom v. Montana,* 442 US 510, 99 S Ct 2450, 61 L Ed 2d 39 (1979).

From the foregoing discussion, it is clear that significant constraints emerge when the prosecution seeks to rely on what has been labeled a statutory presumption against a criminal defendant.

■ First, the trial court may not direct the jury to find a fact that is an element of the crime, even in the absence of rebutting evidence. *See* OEC 309(1). As earlier noted, the effect of this restriction is that statutory presumptions can be no more than inferences in a criminal case.

---

[8] In addition, under ORS 10.095(6), the jury is to be instructed by the court:

"That in criminal cases a person is innocent of a crime or wrong until the prosecution proves otherwise, and guilt shall be established beyond reasonable doubt."

■ ■   A second restraint on the use of presumptions in criminal cases (more properly denominated as "inferences," *see* footnote 7, supra) is now incorporated in OEC 309(2). When, on a motion for judgment of acquittal, an inferred fact is used to establish an element of the offense or negate a defense, the jury may be left free to infer that fact only when two requirements are satisfied: (1) sufficient evidence has been offered of the existence of the fact(s) giving rise to the inference to allow a rational factfinder to find the underlying fact(s) beyond a reasonable doubt; and (2) a rational fact-finder could find that the inferred fact follows more likely than not from the fact(s) giving rise to the inference. When, however, the inferred fact is the sole basis for finding the existence of an element of the crime, a third restraint comes into play. In order to meet the requirement of proof of each element of the crime beyond a reasonable doubt, the jury must be convinced that the inferred fact follows beyond a reasonable doubt from the underlying fact(s). ORS 136.415; *see State v. Harris, supra; Ulster County Court v. Allen,* 442 US 140, 99 S Ct 2213, 60 L Ed 2d 777 (1979); Kirkpatrick, Oregon Evidence 64-65 (1982).

■   Upon a motion for judgment of acquittal it is the duty of the trial court to determine,[9] as a matter of law, whether the prosecution has met the foregoing tests.

Should the trial court determine that a rational juror could draw the proffered inference in reaching its decision, additional constraints are placed on the trial judge.

First, as discussed above, the trial judge may not use the word "presumption" in instructing the jury in a criminal case when used against the defendant.

■ ■   Secondly, when used against a defendant with reference to an element of the crime, an instruction on an inference ought not to be used. Acknowledging that it is theoretically possible to employ an instruction on an

---

[9] As stated in Kirkpatrick, *supra,* n 2 at 64:

"The mere fact that a presumption has been adopted by the legislature does not establish that it satisfies the requirements of Rule 309(2). The Commentary to Rule 311 states that with respect to the presumptions listed in Rule 311, 'the Legislative Assembly has made no determination that the presumed facts flow from the basic facts beyond a reasonable doubt.' Nothing indicates that the legislature has made a determination that they satisfy the more-likely-than-not standard of Rule 309(2) either. Individual analysis will be necessary in each case."

inference, the instruction likely would be so abstract, perhaps incomprehensible, as to be of little or no help to the jury.[10] But even an abstract or general inference instruction applied to an element of the crime may conflict with the more-likely-than-not or beyond-a-reasonable-doubt standard set forth above.[11] On the other hand, should the instruction be sufficiently concrete to assist the jury, it would violate the longstanding statutory provision prohibiting a trial judge from instructing the jury in respect of matters of fact or commenting thereon. ORS 17.255, repealed, Or Laws 1979, ch 284, § 199; ORCP 59 E.[12] ORCP 59 E applies to criminal actions as well as civil actions. *See* ORS 136.330.

It is the task of the advocate, not the judge, to comment on inferences. The advocate must do so without reference to any statute, but merely from the evidence in the case. Inferences when used against the defendant should be left to argument without any instruction. *See State v. Vance,* 285 Or 383, 398, 591 P2d 355, 363 (1979)(Linde, J., concurring). Therefore, all a statutory inference does in a criminal case when used against the accused on an element of the crime is to focus the trial court's attention on a potentially available inference that, subject to satisfying the foregoing tests, may

---

[10] In an article stating the claim for restoration of Oregon trial judges' authority to comment on the evidence, one author commented:

"Under the present rule it is almost impossible to give instructions that are concrete enough to be of any value, and still not invade the province of the jury by commenting on the evidence." Comment, *A Proposal to Change the Oregon Code to Allow the Judge to Comment on the Evidence,* 13 Or L Rev 303, 305 (1934).

Another author, in discussing evidentiary devices noted:

"Instructions on permissive inferences and presumptions are simply awkward comments on the evidence." Allen, *Structuring Jury Decisionmaking in Criminal Cases: A Unified Constitutional Approach to Evidentiary Devices,* 94 Harv L Rev 321, 361-62 (1980).

[11] *See* Uniform Criminal Jury Instruction No. 1005 (OSB, Committee on Uniform Criminal Jury Instructions, 1984 Revision), which sets forth the following instruction:

"In deciding this case you may draw inferences and reach conclusions from the evidence, provided that your inferences and conclusions are reasonable and are based upon your common sense and experience."

[12] ORCP 59 E provides:

"The judge shall not instruct with respect to matters of fact, nor comment thereon."

*See* Kirkpatrick, *supra,* n 2 at 65.

entitle the case to go to the jury and to provide the prosecutor with a theoretical basis for an argument for the jury.

## DISPOSITION

■ The challenged instruction related to a presumption or inference used to prove an element of a crime and, therefore, should not have been given. In addition, the objectionable instruction concluded with the statement that "prima facie evidence means evidence * * * sufficient to establish a given fact and which if not rebutted or contradicted will remain sufficient." We find it probable that a rational juror would have interpreted this instruction to mandate a finding of knowledge, unless this fact was rebutted by defendant, from the admitted fact of delivery of a controlled substance. The instruction stated a rebuttable presumption against the accused. Thus, the burden of persuasion on a fact necessary to constitute the crime charged, which was an element of the offense, was placed on the criminal defendant. We hold that this allocation was an unlawful denial of the right of defendant to be convicted only upon proof of guilt beyond a reasonable doubt. ORS 136.415. This was error and was prejudicial.

The Court of Appeals is affirmed but for the reasons stated in this opinion.[13] The case is remanded to the trial court for a new trial.

**LENT, J.,** concurring.

I concur in the decision of the court that it was reversible error to give the instruction of which the defendant complained. I concur in the opinion of the court that a judge should not instruct on inferences.

The majority has elected to make some statements concerning the place of inferences in a trial judge's decision to be made on a motion for judgment of acquittal. There is no assignment of error in this case that necessitates making those statements; therefore, I shall not now set forth my

---

[13] Because the trial court, on the motion for judgment of acquittal, understandably did not apply the tests set forth in this opinion and in the circumstances of this case, we do not pass judgment on whether the proffered inference met the requirements for the availability of an inference against the accused on an element of the crime.

differences with those statements but, rather, shall await a proper case.

I also desire to record here that I perceive a serious conflict between ORS 136.415 and OEC 309(2), but because this case presents only the matter of the trial court's instruction, I need not here discuss that conflict.