Argued and submitted September 28, reversed and remanded for new trial
December 9, 1987

## STATE OF OREGON,
*Respondent,*

*v.*

## STEPHEN M. SHORT,
*Appellant.*

## (M86-12-418; CA A43595)

746 P2d 742

Michael R. Lehman, Coos Bay, argued the cause and filed the brief for appellant.

Timothy Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before, Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant appeals his conviction for negotiating a bad check. ORS 165.065. The issue is whether the trial court erred in giving the state's requested jury instruction regarding an inference of knowledge that the check would be dishonored.

ORS 165.065 provides, in part:

"(1) A person commits the crime of negotiating a bad check if the person makes, draws or utters a check or similar sight order for the payment of money, knowing that it will not be honored by the drawee.

"(2) For purposes of this section, unless the check or order is postdated, it is prima facie evidence of knowledge that the check or order would not be honored if:

"* * * * *

"(b) Payment is refused by the drawee for lack of funds, upon presentation within 30 days after the date of utterance, and the drawer fails to make good within 10 days after receiving notice of refusal."

Defendant's only defense was that he had no knowledge at the time that he drew the check that it would be dishonored. He testified that, when he wrote the check, he was confident that he had funds to cover it and that, when he received notice that the check had been dishonored, he did not have the funds to cover it, because he had lost his job. He testified that for that reason he did not cover the check within ten days after receiving notice of refusal.

The court gave this instruction, requested by the state:

"You are instructed that there may be an inference of knowledge that the check would not be honored if payment is refused by the drawee for lack of funds, upon presentation within 30 days after the date of utterance, and the drawer fails to make good within ten days after receiving notice of refusal. You are not required to draw this inference unless you find all the above facts have been proved to you beyond a reasonable doubt. The defendant is not required to rebut these facts. The state still carries the burden of proof as to all elements."

Defendant objected:

"[Defense counsel]: Well, your honor, I'm still going to object and except to that instruction. I don't think that that

takes it away from the problems that were raised in the case of *State v. Rainey,* 298 Or 459[, 693 P2d 635 (1985).] Number one, I think its confusing. Number three [sic], it says you can't infer this unless all the above facts have been proven to be true beyond a reasonable doubt, and doesn't specify which facts. And if you did specify which facts you'd be getting back to the original instruction on what's negotiating a bad check. So * * * it also unnecessarily emphasized one particular portion * * *.

"[The Court]: Is it your position that no such instruction should be given?

"[Defense counsel]: That's right."

As we held in *State v. Davis,* 52 Or App 187, 627 P2d 884 (1981), an exception must specify the particular respect in which a party claims that the instruction was erroneous. Defendant's objection sufficiently brought to the court's attention several possible flaws in the instruction. We hold, additionally, that, in view of *State v. Rainey, supra,* the instruction was erroneous.

The defendant in *Rainey* was charged with unlawful delivery of a controlled substance, an offense which requires that the defendant's conduct be "knowing." The court instructed the jury, apparently pursuant to ORS 167.238(1), that proof of unlawful delivery is *prima facie* evidence of knowledge of the character of the delivered substance and that "prima facie evidence means evidence good and sufficient on its face, such evidence as in the judgment of the law is sufficient to establish a given fact and which if not rebutted or contradicted will remain sufficient." *State v. Rainey, supra,* 298 Or at 462. We had held that the instruction improperly permitted the state to satisfy its burden of proof on a critical element of the crime by proof of a fact, admitted by the defendant, having no rational connection to the fact inferred, and we reversed the conviction and remanded for a new trial. 60 Or App 302, 653 P2d 584 (1982). On review, the Supreme Court took the opportunity to expound widely on the use of presumptions and inferences in criminal cases.

The court explained that under OEC 311(2), when a statute provides that a fact or group of facts is "prima facie" evidence of another fact, in the criminal context at least, that means only that the other fact *may be inferred. State v. Rainey, supra,* 298 Or at 464. To "presume" the fact according

to the literal language of OEC 311(2) would shift the burden of proof from the state to the defendant, contrary to ORS 136.415 and ORS 10.095(6).

The use of statutory "presumptions" in criminal cases is dealt with in OEC 309. That rule, as interpreted in *State v. Rainey, supra,* would read:

"(1) The judge is not authorized to direct the jury to find [an inferred] fact against the accused.

"(2) When the [inferred] fact establishes guilt or is an element of the offense or negates a defense, the judge may submit the question of guilt or the existence of the [inferred] fact to the jury only if:

"(a) A reasonable juror on the evidence as a whole could find that the facts giving rise to the [inferred] fact have been established beyond a reasonable doubt; and

"(b) The [inferred] fact follows more likely than not from the facts giving rise to the [inferred] fact."

The effect of the interpreted rule is that a judge may never tell a jury to resolve an inferred fact against an accused. When an inferred fact establishes guilt, an element of the offense or negates a defense, the judge may only allow the jury to consider the inference if (a) there is evidence from which the jury could find that the underlying facts are true beyond a reasonable doubt and (b) the inferred fact is probably true, that is, it follows logically if the underlying facts are true. *State v. Rainey, supra,* 298 Or at 466 n 9.

If the judge finds that both conditions have been met, he may deny a motion for judgment of acquittal, even in the absence of other proof of the element of the crime. The court concluded in *Rainey* that instructions on inferences which supply an element of a crime should not be given, because they have the potential of shifting the burden of proof to the defendant. The inference should only be presented to the jury in argument.

■ It follows from *State v. Rainey, supra,* that instructions on inferences are always unnecessary, if not improper. If there is evidence which would logically justify an inference, no instruction is necessary, because it may be argued to the jury that the inferred fact is probably true as a matter of common sense. If the fact which a statute says may be inferred does not

probably follow from the proven facts, there is no inference to draw.

There is little doubt that, if faced precisely with the issue, the Supreme Court would hold that, although inferences may have some proper place in a criminal case, an instruction on an inference relating to an element of the crime is reversible error. We need not decide that point, because the instruction has other shortcomings which require reversal.

ORS 165.065 makes a defendant's failure to pay a dishonored check within ten days *prima facie* evidence of knowledge that the check would be dishonored. *State v. Rainey, supra,* would permit no more than an *inference* of knowledge that the check would be dishonored, if the underlying facts are established beyond a reasonable doubt. Here they were admitted. Even if, as the Supreme Court said in *Rainey,* it is theoretically possible to give an inference instruction under ORS 165.065 that would not confuse the jury by its vagueness or improperly comment on the evidence, the instruction given by the trial court in this case was not proper, because it did not correctly explain the use of the inference.

First, the instruction suggested that, if the jury were to find all the facts leading to the inference beyond a reasonable doubt, it was *required* to draw the inference:

> "You are not required to draw the inference *unless* you find all the above facts have been proved to you beyond a reasonable doubt." (Emphasis supplied.)

The jury is permitted but not required to draw inferences. By suggesting to the jury that it was required to draw an inference of knowledge if certain facts were established, the instruction effectively directed the jury to find the knowledge element of the crime, because the underlying facts were admitted. The remaining portion of the instruction, stating that defendant was not required to rebut the inferred fact and that the state still carried the burden of proof, is merely confusing; it does not negate the erroneous impact of the earlier statement. Furthermore, as the court stated in *State v. Rainey, supra,* 298 Or at 466, it is the duty of the court to determine, as a matter of law, whether there is evidence from which a rational jury could find that the inferred fact follows beyond a reasonable doubt from the underlying facts. An inferred fact which bears no

logical relationship to the underlying facts cannot "follow" at all, much less beyond a reasonable doubt. We see no connection between failure to pay a check within ten days after it has been refused and knowledge, at the time when the check is drawn, that it would be dishonored. The second fact does not logically flow from the first, and the trial court should not have allowed the jury to infer knowledge.

Reversed and remanded for a new trial.