Argued and submitted October 31, 1996, reversed May 28, 1997

STATE OF OREGON,
*Respondent,*

*v.*

ROBERT EUGENE SMELCER,
*Appellant.*

(CF94-0487; CA A87812)

939 P2d 154

David C. Degner, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Rives Kistler, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant appeals his conviction for driving under the influence of intoxicants (DUII), ORS 813.010, arguing that the trial court erred in denying his motion for a judgment of acquittal. We agree and reverse.

On September 2, 1994, Officer Miller stopped defendant after seeing him drive erratically within the City of Pendleton. After defendant was stopped, he left his car and hollered, "Well, you got me. Let's go." Defendant was disheveled and unbalanced, and his actions were erratic. At trial, Miller testified that, based on his training and experience, defendant appeared to be under the influence of "some sort of intoxicant" but that defendant did not smell of alcohol. When Miller asked defendant about drinking, defendant said that he had not drunk anything but "had smoked it."[1] Miller also testified that defendant's conduct was consistent with a person who was under the influence of a controlled substance.

Officers Hawkins and Thomas were at the scene with Miller. Hawkins testified that defendant appeared to be under the influence of some kind of intoxicant indicated by "depressant" symptoms. Thomas testified that he

"thought [defendant] was a clear-cut intoxicated driver from what I observed; however, I did not smell any intoxicants on his breath or alcohol. He had mood swings up and down, belligerent. It was something but it wasn't alcohol."

Defendant and his mother testified. His defense was that his erratic behavior was due to brain seizures and that the officers had not found any indicia of controlled substance use such as drug paraphernalia to support their conclusion that he was under the influence of a controlled substance. Defendant also volunteered that previously he had gotten a DUII charge reduced[2] and that, before his arrest on this occasion, he had been with a friend who "died a couple of weeks after that from alcohol seizures[.]"

---

[1] Defendant's explanation of his statement was that he was asking for his cigarettes.

[2] Defendant's testimony did not indicate whether the intoxicant was alcohol or a controlled substance.

Defendant moved for a judgment of acquittal, which the trial court denied. Defendant argues that that denial was error. ORS 813.010 prohibits driving under the influence of intoxicants, which are defined as either intoxicating liquor or a controlled substance. However, ORS 813.010(2) provides:

> "A person may not be convicted of driving under the influence of intoxicants on the basis of being under the influence of a controlled substance unless the fact that the person was under the influence of a controlled substance is pleaded in the accusatory instrument and is either proved at trial or is admitted by the person through a guilty plea."

Both parties agree that the indictment here did not allege that defendant was intoxicated due to controlled substances. However, the state "notes" that the jury was instructed that, to find defendant guilty, the state had to prove that defendant "was under the influence of a controlled substance" and that defendant did not object to that instruction. The state speculates that the lack of objection might have been a "tactical decision" on defendant's part because the jury might have been more likely to vote to acquit if it did not also have the option of finding that defendant had been driving under the influence of alcohol. We do not understand the state's position. It does not argue that defendant failed to preserve his claim of error, and its speculation as to defendant's silence regarding the jury instruction has no bearing on defendant's assignment of error, which is that the trial court erred in denying his motion for judgment of acquittal. We turn to that assignment.

Defendant argues that the state's evidence at trial did not show that he was under the influence of alcohol, but, rather that he was under the influence of a controlled substance, most likely marijuana or hashish. Therefore, he contends, because the indictment did not allege controlled substances, his motion for judgment of acquittal should have been granted. The state acknowledges that "the fair import" of all the officers' testimony was that they were of the opinion that defendant was under the influence of some intoxicant, which they believed was a controlled substance rather than alcohol. It argues, however, that the evidence would nonetheless allow the jury to conclude that defendant was under the influence of alcohol.

As we understand the state's construction, it reasons that Miller's testimony would support a jury finding that defendant was under the influence of intoxicants. However, because no evidence of a controlled substance was found, the jury also could have believed defendant's mother who testified that she had never seen defendant use drugs. Therefore, the state contends, the jury could have found that defendant was under the influence of an intoxicant that was not a controlled substance. If the jury so found, the state argues, it could then reasonably have inferred that the intoxicant was "the only other and indeed the more commonly available intoxicant—alcohol." The state argues that defendant's testimony showed that he was "not unacquainted with alcohol."

■■ An inferred fact must be one that may follow beyond a reasonable doubt from the underlying facts. *State v. Rainey*, 298 Or 459, 466, 693 P2d 635 (1985). Even if the jury could have concluded that defendant was not under the influence of a controlled substance, there is no evidence from which it could infer that he was under the influence of alcohol. The officers' testimony was that they did not believe that alcohol was involved and that defendant's behavior was consistent with ingestion of a controlled substance.[3] That defendant had previously been charged with DUII and, before the arrest, had been with a friend who later died of alcohol related problems, is not evidence of alcohol in this offense. To conclude that alcohol was the intoxicant is too large an inferential leap from the evidence here. *See State v. Shuneson*, 132 Or App 283, 287, 888 P2d 90 (1995) (to infer that the defendant knew that vehicle was stolen based on driver's reckless driving requires too great an inferential leap).

Additionally, as noted above, the jury was instructed that, to find defendant guilty, the state had to prove that

---

[3] The testimony on which the state relies was made after a series of questions in which defendant's counsel attempted to elicit from Miller whether the controlled substance was marijuana, hashish or methamphetamine. Miller answered that he did not know what defendant "was under the influence of"—but that he did not smell alcohol or marijuana. Miller then reiterated that defendant was intoxicated but refused to "define intoxicant."

defendant "was under the influence of a controlled substance." The state does not explain how, under that instruction, the jury could consider the evidence that it argues supports the conviction. *See McPike v. Encisco's Cocina Mejicana, Inc.*, 93 Or App 269, 273, 762 P2d 315 (1988) (under unchallenged instruction, jury could not have considered evidence that plaintiff asserted was wrongly excluded).

There was evidence that defendant was under the influence of a controlled substance. However, the state failed to make that allegation in the indictment. As a result, the state sought to prove a charge that it did not plead and did not prove the charge it did plead. The trial court erred in not granting defendant's motion for judgment of acquittal.

Reversed.