EGAN, C. J.
*1087 *193 Defendant appeals from a judgment entered after a jury returned guilty verdicts on multiple offenses arising out of a single-car accident. He contends that the trial court erred in denying his motion for judgment of acquittal on two counts of criminal mistreatment in the first degree. ORS 163.205. In reviewing the trial court's denial of defendant's motion for judgment of acquittal, we view the evidence in the light most favorable to the state to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, State v. Rose , 311 Or. 274, 281, 810 P.2d 839 (1991), and conclude that the trial court erred in denying defendant's motion. We therefore reverse defendant's criminal mistreatment convictions.
Defendant and his family were involved in a single-car accident on a state highway when defendant fell asleep at the wheel and drove their car off the road, where it hit a pole on the passenger side, skidded on gravel, returned briefly to the highway, and then came to a stop on the shoulder of the highway. Young, who was driving his truck behind defendant, witnessed the accident and stopped to assist. Defendant's girlfriend, Olson, was in the front passenger seat of the car, and their infant daughters were in car seats in the back. Defendant determined that Olson was injured and that the children were uninjured. He asked Young for help freeing Olson from the car. When the two men could not open the passenger-side door, Young said that he would call 9-1-1. Defendant said, "You call 9-1-1, I'm running. I have a bench warrant out for my arrest." As Young called 9-1-1, defendant ran across the road and hid in the trees. Young stayed with the family until the police arrived shortly there-after, and Olson and the children were transported by ambulance to the hospital, where Olson ultimately underwent surgery to repair a broken arm. The children were uninjured. Defendant was subsequently arrested and charged with a number of offenses.
After a jury trial, defendant was found guilty of, among other crimes, two counts of criminal mistreatment in the first degree, ORS 163.205, based on his having left the *194 children unattended. Under ORS 163.205(1)(b)(C),[1] a person with a legal duty to provide care for a dependent person commits the crime of first-degree criminal mistreatment if the person leaves the dependent person "unattended at a place for such period of time as may be likely to endanger the health and welfare of that person." Defendant had filed a motion for judgment of acquittal on the ground that the children had not been left unattended; the trial court denied the motion, concluding that the jury would have to determine whether Young was a person who would attend to the children. On appeal, defendant assigns error to that ruling. Defendant's narrow contention on appeal is that the evidence is not sufficient to create a question for the jury as to whether the children were unattended.[2]
ORS 163.205 does not define the term "unattended." It is defined in Webster's Third New Int'l Dictionary 2482 (unabridged ed. 2002) as "not attended," "lacking a guard, escort, caretaker, or other watcher,"
*1088 "unaccompanied," "not cared for," "not watched with care, attentiveness or accuracy." Defendant contends that he did not leave the children "unattended" within the common meaning of the term as used in ORS 163.205(1)(b)(C), because the children were left in the care of Olson and Young.
The state responds that, even when another person is present, a dependent person may be "unattended" for purposes of ORS 163.205, if the person is unable or unwilling to attend to the dependent person. The state contends that Olson, who was injured, was unable to care for the children, *195 and that Young had no legal duty to care for them and had not expressed a willingness to do so. Additionally, the state contends, a car parked on the shoulder of a highway is at risk of a second collision, and there was no evidence that Young was a person who could attend to the children in the event of a second collision. Under those circumstances, the state contends, a jury could find that the children were "unattended," and the trial court did not err in rejecting defendant's motion for judgment of acquittal.
Both parties cite legislative history that shows that when the legislature amended ORS 163.205 in 1993 to include subparagraph (1)(b)(C), it intended to include within the criminal mistreatment statute situations analogous to "child neglect" under ORS 163.545(1), which provides:
"A person having custody or control of a child under 10 years of age commits the crime of child neglect in the second degree if, with criminal negligence, the person leaves the child unattended in or at any place for such period of time as may be likely to endanger the health or welfare of such child."
See Tape Recording, House Committee on Judiciary, Sub-committee on Crime and Corrections, HB 2318, Feb. 22, 1993, Tape 30, Side B (statement of then Polk County District Attorney Fred Avera); Tape Recording, House Committee on Judiciary, HB 2318, Apr. 12, 1993, Tape 22, Side A (statement of committee counsel Holly Robinson). The parties note that the official commentary to ORS 163.545 sheds some light on the meaning of "unattended":
"The term 'unattended' means that the child is left under circumstances in which no responsible person is present to attend to his needs. *** An alleged offense under this section must be viewed as a totality of the circumstances; the age of the child, place where left, whether it was left alone or in the company of others, period of time left and finally, whether the sum of these circumstances are such as would endanger the health or welfare of the child."
Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report § 174, 176 (July 1970). Defendant cites the Commentary in support of his view that a child is not unattended if left with a *196 responsible person. We agree that the Commentary to ORS 163.545 is helpful in understanding the legislature's intention with regard to the meaning of "unattended" in ORS 163.205, and supports defendant's view that a dependent person is not unattended when a responsible person is present to attend to his or her needs.[3]
It is the state's burden to prove the elements of an offense beyond a reasonable doubt. ORS 136.415 ; State v. Rainey , 298 Or. 459, 465, 693 P.2d 635 (1985). The state contends that there is evidence from which the jury could find that the children were unattended, because there is no evidence that Young was a responsible person who was willing to attend to them.[4]
The difficulty with the state's position is that it places on defendant the burden to *1089 show that the person with whom the children were left was responsible and would attend to the children, rather than requiring the state to prove that the person was not responsible or would not attend to them. There is no evidence from which it could be found that Young was not a responsible person who would stay with the children and attend to them until emergency services arrived. (Indeed, he did so.) For that reason, we conclude that the state failed to meet its burden to establish the element that the children were left unattended. The trial court therefore erred in denying defendant's motion for judgment of acquittal on the criminal mistreatment counts.
Convictions of criminal mistreatment reversed; remanded for resentencing; otherwise affirmed.

ORS 163.205 provides, in part:
"(1) A person commits the crime of criminal mistreatment in the first degree if:
"* * * * *
"(b) The person, in violation of a legal duty to provide care for a dependent person *** intentionally or knowingly:
"* * * * *
"(C) Leaves the dependent person or elderly person unattended at a place for such a period of time as may be likely to endanger the health or welfare of that person[.]"

Defendant does not make any argument addressing the place or length of time for which the children were left, but does not concede that the children were left "at a place for such period of time as may be likely to endanger [their] health or welfare."

The state cites the same Commentary in support of its view that whether a dependent person has been left unattended "at a place for such a period of time as may be likely to endanger the health or welfare" depends on the totality of the circumstances. See State v. Goff , 297 Or. 635, 638, 686 P.2d 1023 (1984) (whether a child is "unattended" for purposes of the offense of child neglect is determined under the totality of the circumstances). Here, as noted, however, the focus is on whether the evidence is sufficient to support a finding that defendant left the children unattended, rather than on whether they were left at a place for a period of time likely to endanger their health or welfare.

The state does not contend that the "responsible person" must be a person who is legally responsible for the child.