"In this case the State must prove beyond a reasonable doubt that the defendant knew of both the presence and the narcotic or illicit nature of the substance. The State does not need to prove that the defendant knew the specific identity of the substance."
The jury found defendant guilty of possession of methamphetamine.
*128 On appeal, defendant reprises the argument she made below. As we understand it, defendant neither disputes that the evidence was sufficient to support a finding that she knowingly possessed a controlled substance nor does she dispute that that substance was, in fact, methamphetamine. Her narrow argument is that, to convict a person of the specific offense of possession of "methamphetamine" under ORS 475.894, the state must prove that the person knew that the substance in his or her possession was methamphetamine specifically, as opposed to a controlled substance generally. That is, defendant argues that the identity of the substance *47 as "methamphetamine" is a material element of the offense to which the required mental state of "knowingly or intentionally" applies. The state disagrees.
Defendant's argument relies on ORS 161.095(2), which provides:
"Except as provided in ORS 161.105 , a person is not guilty of an offense unless the person acts with a culpable mental state with respect to each material element of the offense that necessarily requires a culpable mental state."
(Emphases added.) The state, in turn, relies on ORS 161.105, which provides, in relevant part:
"(1) Notwithstanding ORS 161.095, a culpable mental state is not required if:
"* * * * *
"(b) An offense defined by a statute outside the Oregon Criminal Code clearly indicates a legislative intent to dispense with any culpable mental state requirement for the offense or for any material element thereof."
(Emphases added.)
There is no dispute that ORS 475.894 is "outside the Oregon Criminal Code" for purposes of ORS 161.105(1)(b). See ORS 161.005 (listing statutes constituting the Oregon Criminal Code). Therefore, we ask whether ORS 475.894(1)"clearly indicates a legislative intent to dispense with any culpable mental state requirement for the offense or any material element thereof." ORS 161.105(1)(b) ; see also State v. Rainoldi , 351 Or. 486, 268 P.3d 568 (2011). If the answer *129 is yes, our analysis ends. Rainoldi , 351 Or. at 491, 268 P.3d 568. If the answer is no, "then the offense is treated as if it were part of the Oregon Criminal Code, subject to the requirement of ORS 161.095(2)." Id.
Because "the legislature has provided no guidance about how we should determine whether an offense 'clearly indicates' such legislative intent," the Supreme Court has identified a nonexhaustive list of factors to consider: (1) the text of the statute, (2) the nature of the element at issue, (3) the legislative history, and (4) the purpose of the statute. Id. at 492-95, 268 P.3d 568.
Here, the text of the statute is dispositive. See State v. Wiborg , 285 Or. App. 131, 137, 396 P.3d 258 (2017) (beginning and ending analysis with the text of the statute because it precluded "a determination that ORS 165.570(1) 'clearly indicates a legislative intent to dispense with' a culpable mental state"). ORS 475.894(1) provides, in part, "[i]t is unlawful for any person knowingly or intentionally to possess methamphetamine * * *." We have described similarly structured statutes as ambiguous because " '[a]s a matter of grammar * * * it is not at all clear how far down the sentence the word "knowingly" is intended to travel.' " State v. Schodrow , 187 Or. App. 224, 229-30, 66 P.3d 547 (2003) (quoting Wayne R. LaFave & Austin W. Scott, Jr., Criminal Law § 27, 193 (1972)). That is, it is unclear at first blush whether, to be convicted, a defendant need only knowingly or intentionally possess a substance that turns out to be methamphetamine or whether the defendant must also know (or intend) that the substance is methamphetamine.
We resolved that ambiguity in Schodrow. In that case, ORS 166.250(1) provided that it was unlawful for a person to "knowingly carr[y] any firearm concealed upon the person." Schodrow , 187 Or. App. at 229, 66 P.3d 547. The question on appeal was whether the "defendant need only knowingly carry an object that turns out to be a firearm or whether the defendant must also know that the object is a firearm." Id. at 228, 66 P.3d 547 (emphasis in original). We relied on the statutory definition of "knowingly" to resolve the ambiguity. ORS 161.085(8) provides that:
*130 " 'Knowingly' or 'with knowledge,' when used with respect to conduct or to a circumstance described by a statute defining an offense, means that a person acts with an awareness that the conduct of the person is of a nature so described or that a circumstance so described exists ."
(Emphasis added). We concluded that:
"By force of that definition, to knowingly 'carry a firearm' requires more than the person's awareness that he or she is engaged in the conduct of carrying an object of some or any kind. Instead, either because carrying 'a firearm' is an aspect of *48 the nature of the conduct or a circumstance described by the statute, a person must also be aware that the object he or she is carrying is a firearm. That awareness requires, in turn, knowledge that the weapon has the characteristics of a firearm-namely, as relevant to defendant's challenge, that it is readily capable of use as a weapon. See ORS 166.210(2).
"To conclude otherwise would render the prescribed culpable mental state a nullity and would effectively convert the crime into a strict liability offense. Under ORS 161.095(1), the 'minimal requirement for criminal liability' is performance by a person of conduct that includes a 'voluntary act' or failure to act. A 'voluntary act' means 'a bodily movement performed consciously and includes the conscious possession or control of property.' ORS 161.085(2). Thus, even if the legislature were to have dispensed with a culpable mental state for the crime of unlawful possession of a firearm-which it expressly did not-the state would be required to prove that the defendant was carrying property consciously, even if he or she was unaware of the nature of that property being carried (i.e. , that it was a firearm). Necessarily, then, for the prescribed mental state of "knowingly" to add anything to the crime's definition, it must modify more than the conduct of carrying an object or property and must extend as well to the nature of the object or property carried."
Schodrow , 187 Or. App. at 230-31, 66 P.3d 547.
Our reasoning in Schodrow applies with equal force here. Possessing "methamphetamine" is "an aspect of the nature of the conduct or a circumstance described by" ORS 475.894(1). Id. at 230, 66 P.3d 547. Indeed, it is the only circumstance to which the statute is addressed. As such, to be *131 liable under that statute, a person must act with knowledge or intent as to the sole circumstance-possession of methamphetamine-that the statute covers. As in Schodrow , if the state were correct that the culpable mental state does not apply to the nature of the thing possessed, then the culpable mental state would add nothing to the statute. Thus, we conclude that the statute does not "clearly indicate" an intent to dispense with the mental state requirement as it pertains to possession of the prohibited substance, methamphetamine.
In resisting that conclusion, the state argues that this case is controlled by State v. Engen , 164 Or. App. 591, 993 P.2d 161 (1999), rev. den. , 330 Or. 331, 6 P.3d 1101 (2000) (holding that under former ORS 475.992 (1999), renumbered as ORS 475.752 (2011), which prohibited knowing possession of a "controlled substance," "the state is not required to prove a defendant's knowledge of the particular type of controlled substance possessed"). But that case involved a different statute prohibiting the possession of a "controlled substance." With ORS 475.894(1), the legislature has chosen to specifically prohibit the possession of "methamphetamine." As explained above, the legislature's choice of culpable mental state must apply to the only circumstance to which the statute is addressed, or the statute is rendered incoherent.
The state also argues that the legislative history of ORS 475.894 indicates that the legislature did not intend to apply a culpable mental state to the methamphetamine element of ORS 475.894(1). Even assuming, without deciding, that that is true, there is no way to interpret the statute in the way that the state proposes without either rendering the mental state a "nullity," Schodrow , 187 Or. App. at 230, 66 P.3d 547, or effectively replacing the word "methamphetamine" with another phrase, such as "controlled substance." We decline to interpret the statute "in a way that is inconsistent with its plain text." Suchi v. SAIF , 238 Or. App. 48, 55, 241 P.3d 1174 (2010), rev. den. , 350 Or. 231, 253 P.3d 1080 (2011) (citing State v. Gaines , 346 Or. 160, 173, 206 P.3d 1042 (2009) ); see also ORS 174.010 ("In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or *132 in substance, contained therein, not to assert what has been omitted, or to omit what has been inserted * * *."); Faverty v. McDonald's Restaurants , 133 Or. App. 514, 533, 892 P.2d 703 (1995), rev. dismissed , 326 Or. 530, 971 P.2d 407 (1998) ("Inchoate intentions *49 are not law, only those intentions that are manifested in language that is enacted.").
Because the statute does not clearly indicate a legislative intent to dispense with the culpable mental state, we next determine whether methamphetamine is a "material element of the offense that necessarily requires a culpable mental state." ORS 161.095(2). We readily conclude that the character of the prohibited substance as "methamphetamine" is a material element of the offense. See State v. Simonov , 358 Or. 531, 537, 368 P.3d 11 (2016) (citing State v. Blanton , 284 Or. 591, 595, 588 P.2d 28 (1978) ) ("An element is 'material' unless it relates 'solely to the statute of limitations, jurisdiction, venue' or similar matters."). The only remaining question is whether that element "necessarily requires a culpable mental state." ORS 161.095(2).
An element necessarily requires proof of a culpable mental state if it "concern[s] the substance or quality of the crime-the harm or evil sought to be prevented, but not for elements concerning venue, jurisdiction, statute of limitations, or something similar." State v. Wier , 260 Or. App. 341, 346, 317 P.3d 330 (2013) (internal quotations omitted). Possession of methamphetamine is the sole subject matter of the statute. Thus, the mental state (knowingly or intentionally) necessarily applies.
In light of the foregoing, it was error for the trial court to instruct the jury that the state "does not need to prove that the defendant knew the specific identity of the substance." Because that instruction concerned one of the elements of the statutory offense and allowed the jury to reach an erroneous result, the error requires reversal. Wallach , 344 Or. at 329, 180 P.3d 19 ("[W]hen a trial court incorrectly instructs the jury on an element of a claim or defense and when that incorrect instruction permits the jury to reach a legally erroneous result, a party has established that the instructional error substantially affected its rights within the meaning of ORS 19.415(2).").
*133 We reach a different conclusion, however, regarding the MJOA. Viewing the evidence in the light most favorable to the state, we conclude that a rational factfinder could conclude that defendant knew that she possessed methamphetamine. First, we note that "[p]roof of unlawful * * * possession of a controlled substance is prima facie evidence of knowledge of its character." ORS 167.238(1). See generally State v. Rainey , 298 Or. 459, 466, 693 P.2d 635 (1985) (explaining the impact of presumptions as applied to the accused in criminal cases); State v. Short , 88 Or. App. 567, 746 P.2d 742 (1987) (same); State v. Offord , 14 Or. App. 195, 512 P.2d 1375 (1973) (same). In addition, Iverson and Zaugg testified that a methamphetamine pipe was found in defendant's possession, that defendant appeared to be under the influence of methamphetamine, and that she appeared unsurprised when the officers told her that she was being charged with possession of methamphetamine. In total, the evidence was sufficient to permit a reasonable factfinder to conclude that defendant knew that the controlled substance in her possession was methamphetamine. Accordingly, the trial court did not err in denying defendant's MJOA.
Conviction on count one for possession of methamphetamine reversed and remanded; otherwise affirmed.