# STATE OF OREGON,
*Respondent,*

*v.*

# THOMAS SHAWN CAMPBELL,
*Appellant.*

## (10-88-05511; CA A50109)

785 P2d 370

Steven V. Humber, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Acting Public Defender, Salem.

Vera Langer, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

Rossman, J., dissenting.

### WARREN, J.

Defendant appeals his conviction for robbery. ORS 164.415. He contends that the trial court erred in instructing the jury:

> "If you find that a firearm was pointed at another within firing range, then you are permitted but you are not required to infer that the firearm was loaded."

The Supreme Court approved a virtually identical instruction in *State v. Vance,* 285 Or 383, 591 P2d 355 (1979). Six years later, the Supreme Court took a new look at instructions on inferences in *State v. Rainey,* 298 Or 459, 693 P2d 635 (1985), where the defendant had been convicted for knowingly delivering a controlled substance, a crime in which knowledge and delivery are separate elements. ORS 475.992(1); ORS 161.095(2). The trial court had instructed the jury that proof of unlawful delivery is *"prima facie* evidence of knowledge of its character." 298 Or at 462. The instruction would have allowed the jury to find the element of knowledge satisfied when the only evidence offered to prove it, delivery, bore little, if any, rational connection to the defendant's knowledge. *See* OEC 309(2)(b). The Supreme Court did not decide the case that narrowly, however, but took the opportunity to denounce broadly all instructions on inferences in criminal cases:

> "[W]hen used against a defendant with reference to an element of the crime, an instruction on an inference ought not to be used. Acknowledging that it is theoretically possible to employ an instruction on an inference, the instruction likely would be so abstract, perhaps incomprehensible, as to be of little or no help to the jury. But even an abstract or general inference instruction applied to an element of the crime may conflict with the more-likely-than-not or beyond-a-reasonable-doubt standard set forth above. On the other hand, should the instruction be sufficiently concrete to assist the jury, it would violate the longstanding statutory provision prohibiting a trial judge from instructing the jury in respect of [sic] matters of fact or commenting thereon." 298 Or at 466-67. (Footnotes omitted.)

Although trial courts should not instruct on inferences, it is difficult to see how defendant was prejudiced by the instruction in this case. The inference on which the trial court instructed was a logical one that, as defendant concedes, the prosecutor could have argued to the jury. The

trial court merely told the jury that it could draw an inference of a fact which it, in fact, could draw logically from proven facts. Nevertheless, we are bound by *State v. Rainey, supra,* to reverse.[1]

Reversed and remanded for a new trial.

**ROSSMAN, J.,** dissenting.

It defies all reason to hold that the instruction challenged in this case requires reversal. Even the majority concedes that it could not have prejudiced defendant. I dissent.

I cannot see how this instruction could possibly hurt any defendant. We permit the state to prove a case through circumstantial evidence, facts that make it possible for the jury to infer the existence of the fact to be proved. We allow courts to instruct the jury that it may draw inferences based on circumstantial evidence. Both sides in a criminal trial may argue what inferences the jury should draw from the evidence. The instruction at issue here does no more than state the obvious.

That is essentially what the Supreme Court held in *State v. Vance,* 285 Or 383, 591 P2d 355 (1979), which approved a nearly identical instruction. In *State v. Rainey,* 298 Or 459, 693 P2d 635 (1985), it disapproved of instructions on inferences relating to an element of a crime. However, *Rainey* did not expressly overrule *Vance.* Moreover, the *dictum* in *Rainey* quoted by the majority does not stand for the proposition that *any* instruction on an inference relating to an element of a crime is reversible error. Rather, it characterizes such instructions as, at best, useless and, at worst, prejudicial. The instruction at issue in this case may have been unnecessary, insofar as it simply informed the jury, in essence, that it was not bound by the interpretation by either side. Given the Supreme Court's pronouncements in *Rainey,* it might even be an error. It was *not* prejudicial. We are therefore bound to affirm the trial court. Art VII, § 3, Or Const; ORS 19.125(2).

---

[1] The state's argument that defendant did not preserve the error lacks merit. Defendant objected to the instruction, arguing that it constituted a comment on the evidence. That was adequate. *See* ORCP 59H; *State v. Short,* 88 Or App 567, 746 P2d 742 (1987).

In short, it is absurd to reverse defendant's conviction on the basis of a single statement which, in the context of an entire trial, could not possibly have harmed him. It is not my desire to criticize the well-meaning majority, which obviously believes that *Rainey* has overruled *Vance* inferentially and thus requires reversal in this case. I strongly feel, however, that the Supreme Court's hypertechnical pronouncement in *Rainey* is doing a great disservice to the criminal justice system.

I respectfully dissent.