Argued and submitted June 15, affirmed August 18, 2021, petition for review denied January 20, 2022 (369 Or 209)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

THOMAS CARL PRICE,
*Defendant-Appellant.*

Clackamas County Circuit Court
17CR51476; A170454

495 P3d 746

Heather Karabeika, Judge.

Anne Fujita Munsey, Deputy Public Defender, argued the cause for appellant. Also on the briefs were Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah Laidlaw, Deputy Public Defender, Office of Public Defense Services.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction for robbery, kidnapping, unauthorized use of a vehicle, felon in possession of a firearm, unlawful use of a weapon, and failure to perform the duties of a driver.[1] He raises four assignments of error. We write to address only his second assignment—an unpreserved challenge to a special jury instruction requested by the state—and we reject the others without discussion. We limit our discussion of the facts to those pertinent to defendant's second assignment of error.

On the morning of the third day of trial, the state alerted the court and defendant that it was requesting a special jury instruction that, "[i]f a firearm is pointed at another within firing range, you are permitted but not required to infer that the firearm was loaded," relying on *State v. Vance*, 285 Or 383, 385, 591 P2d 355 (1979) (upholding that instruction). Later that afternoon, the subject of jury instructions came up again. Defense counsel noted that he had not yet read *Vance*, but he was moving for a judgment of acquittal (MJOA) on three of the counts based on the state's failure to prove that there was a firearm. The court denied defendant's MJOA based on *Vance*. Again later, when reviewing all of the jury instructions, the parties and the trial court returned to the question of the state's proposed special instruction. Defense counsel, indicating that he was looking at *Vance*, stated "Yes, I am satisfied with—*I'm not objecting to that*." (Emphasis added.) The court instructed the jury accordingly.

We held in *State v. Campbell*, 100 Or App 153, 155-56, 785 P2d 370, *rev den*, 310 Or 71 (1990), that based on *State v. Rainey*, 298 Or 459, 466-67, 693 P2d 635 (1985), decided after *Vance*, that giving the requested instruction is reversible as a comment on the evidence. Defendant's representation to the court that he was "satisfied" with the state's special instruction, knowing that the court had not read *Vance* and advising the court that he was looking at *Vance* as he spoke, made him instrumental in bringing about the

---

[1] The jury returned a verdict for both first- and second-degree robbery, which the trial court merged. Similarly, the court merged the verdict for second-degree kidnapping with the verdict for first-degree kidnapping.

error. Under those circumstances, whether or not defendant invited the error, he certainly did not preserve it, and these are not circumstances in which we would exercise our discretion to correct the error. *See State v. Beeson*, 307 Or App 808, 818-19, 479 P3d 576 (2020), *adh'd to as modified on recons*, 309 Or App 787, 482 P3d 821 (2021) ("[W]hether or not defendant *invited* any error regarding the timing of the *Miranda* violation, he certainly did not preserve an argument that he was in constructive custody before the encounter became 'hands on.' Accordingly, we will not consider that argument on appeal." (Emphasis in original.)).

We therefore affirm the judgment of the trial court.

Affirmed.