652 July 3, 2024 No. 475

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

ANDREW JOHN BRUNKAL,
*Petitioner-Appellant,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
18CV31412; A175409

Patricia A. Sullivan, Senior Judge.

Submitted May 23, 2024.

Jedediah Peterson and O'Connor Weber LLC filed the
brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman,
Solicitor General, and Rebecca M. Auten, Assistant Attorney
General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins,
Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner, who was convicted of multiple sex crimes occurring over the course of seven years against two child victims, appeals a judgment denying him post-conviction relief (PCR). On appeal, he asserts four assignments of error alleging ineffective assistance of counsel. We affirm.

We review a post-conviction court's denial of relief for legal error and accept the court's implicit and explicit factual findings, provided that there is evidence in the record to support them. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). To be entitled to post-conviction relief, under the state and federal constitutions, petitioner must demonstrate both that counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result. *See McMullin v. Amsberry*, 310 Or App 542, 551, 485 P3d 278 (2021) (explaining that the state and federal tests for reviewing inadequate/ineffective assistance of counsel claims are "functionally equivalent").

In his first assignment of error, petitioner contends that his trial counsel was ineffective and inadequate in failing to object to witness testimony that breached a suppression order. Petitioner had previously successfully argued that the court must suppress any statements made after he invoked his *Miranda* rights. However, the statements that petitioner contends that trial counsel should have object to occurred immediately *prior* to his invocation and therefore were not protected by the suppression order. As such, trial counsel was not deficient in not objecting to the testimony because "reasonable counsel could have considered such an objection unlikely to succeed." *Rudnitskyy v. State of Oregon*, 303 Or App 549, 562, 464 P3d 471 (2020).

In his second assignment of error, petitioner contends that his trial counsel was ineffective for not objecting to a detective's testimony regarding petitioner's right to remain silent. During petitioner's trial, the detective testified that while he was driving petitioner to the police station, petitioner asked the detective if "this is in regards to [petitioner] touching" the victims. According to the testimony, after the detective confirmed that it was about the

touching, petitioner did "nothing \*\*\* substantive to deny the allegation." Petitioner's trial counsel did not object to that testimony.

Based on that exchange, petitioner argues that his trial counsel was ineffective, because the detective impermissibly commented on petitioner's right to silence. We disagree. First, petitioner's trial counsel had previously objected to similar testimony, and the trial court overruled that objection. As the PCR court concluded, it was reasonable for trial counsel not to repeat an objection that had already failed and draw additional attention to the testimony. Additionally, petitioner's trial counsel immediately cross-examined the detective, arguing that petitioner *did* deny the allegations shortly after the exchange at issue, undermining the detective's testimony and credibility. *See Grant v. Coursey*, 277 Or App 165, 182, 370 P3d 892, *rev den*, 360 Or 235 (2016) (explaining that trial counsel exercised professional skill and judgment even though the prosecutor "commented on [petitioner's] invocation of the right to remain silent" because trial counsel "did not sit idly while the prosecutor exploited petitioner's invocation[.] \*\*\* Rather, he tried to use that same evidence to petitioner's advantage" during trial counsel's closing argument.). Although the case may have been tried differently by a different attorney, trial counsel's strategic choice was not constitutionally deficient. *See Burdge v. Palmateer*, 338 Or 490, 498-99, 112 P3d 320 (2005) (explaining that a trial counsel's decision did not amount to inadequate assistance of counsel where "[i]t may be that another lawyer would have tried the case differently" (internal quotation marks omitted)).

In his third assignment of error, petitioner contends that his trial counsel was inadequate and ineffective in not requesting a jury concurrence instruction. The PCR court agreed that petitioner's trial counsel was deficient but concluded that petitioner failed to demonstrate prejudice. On appeal, petitioner argues that he was prejudiced because the jury "could have believed some acts occurred, but not others." Assuming that trial counsel was deficient, we agree that petitioner was not prejudiced by any deficiency. The factual circumstances of this case—which involved two victims

testifying in broad terms to many years of repeated abuse—indicate that the jury would not "have reached one conclusion as to some of the occurrences but a different conclusion as to others." *See State v. Ashkins*, 357 Or 642, 662-63, 357 P3d 490 (2015) (concluding that the lack of a concurrence instruction was harmless when the evidence from a child victim of multiple years of abuse was "nonspecific and undifferentiated" and thus "there was nothing to indicate that *** the jury would have reached one conclusion as to some of the occurrences but a different conclusion as to others"). Accordingly, petitioner did not establish prejudice.

In his final assignment of error, petitioner contends that trial counsel acting reasonably would have filed a demurrer or requested an election[1] regarding the lack of specificity in the indictment. We disagree. First, the indictment properly tracked the statutory language and thus it is not clear that such a motion would have been successful. *See State v. Hale*, 335 Or 612, 621, 75 P3d 448 (2003) (explaining that "an indictment generally is sufficient if it charges an offense in the words of the statute"). Second, trial counsel explained that he did not file a demurrer because it would not have been helpful to his overall strategy which was to highlight and take advantage of the fact that the victims were "not being specific." That tactical decision did not "reflect an absence or suspension of professional skill and judgment." *Cunningham v. Thompson*, 186 Or App 221, 226, 62 P3d 823, *adh'd to as modified on recons*, 180 Or App 289, 71 P3d 110 (2003), *rev den*, 337 Or 327 (2004). For similar reasons, trial counsel's decision not to move for an election was a reasonable choice given the defense strategy of denying all acts of sexual abuse and taking advantage of the lack of specificity of the allegations. Accordingly, petitioner did not establish that his trial counsel performed unreasonably.

Affirmed.

---

[1] The superintendent contends that petitioner did not preserve his argument relating to trial counsel's failure to request an election. We assume without deciding that petitioner's argument is preserved.